IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM E. YOUNG, | : | |
| | : | Case No. 2:17-cv-67 |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | Magistrate Judge Deavers |
| CITY OF DELAWARE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

This matter is before the Court on the Motion to Dismiss of Defendants the City of Delaware, the Delaware Police Department, and William Zoller (collectively, "Defendants"). (Doc. 6.) For the reasons set forth below, the Court **GRANTS** Defendants' Motion.

**I. BACKGROUND**

In his Complaint (Doc. 1), Plaintiff William Young alleges that Defendants have engaged in a "campaign to harass and humiliate" him and to deny him his constitutional rights while acting under the color of law. (*Id.* ¶ 7.) As far as the Court can tell from Young's stream-of-consciousness allegations, there was back and forth between Young and Tamara Chafin Shamansky, a woman with whom Young had some sort of romantic relationship, that led Shamansky to file a menacing claim against Young. (*See, e.g.*, *id.* ¶ 8.) According to Young, Defendant Zoller investigated this claim knowing it was false, and purportedly falsified evidence to corroborate Shamansky's claims because she was related to a former Delaware County official. (*See id.* ¶¶ 9–14, 35.) Among other things, the Complaint's remaining allegations detail a supposed conspiracy orchestrated by Shamansky and the Delaware Police Department (the "Department"). According to Young, the Department chose not to investigate the crimes of

1

officers' family members (*see id.* ¶¶ 15–16); caused Young's sister mental distress by running a background check on her (*see id.* ¶ 17); and Shamansky and the Department altered evidence to incriminate Young for hiring a prostitute and for harassment. (*See, e.g.*, *id.* ¶¶ 21–26.)

Young filed his Complaint against Defendants in January 2017. Although not pleaded in separate counts, Young references the following potential causes of action in his Complaint: a violation of equal protection, intentional infliction of emotional distress, interference with contractual relations, malicious prosecution, abuse of process, slander, and defamation. (*See id.* ¶¶ 36, 45, 48, 51.) Young seeks damages totaling $25 million. (*Id.* at 11.) Defendants now move to dismiss Young's Complaint in its entirety for failure to state a claim. (Doc. 6.) Defendants' motion is ripe for adjudication by this Court.

## II. STANDARD OF REVIEW

Defendants move to dismiss Young's *pro se* complaint under Federal Rule of Civil Procedure 12(b)(6). A *pro se* litigant's allegations are held to a less stringent standard than those in pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, however, courts are unwilling to "abrogate basic pleading essentials in *pro se* suits." *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (collecting cases). Indeed, courts are not required to entertain a *pro se* plaintiff's claim that "defies comprehension" or allegations that amount to nothing more than "incoherent ramblings." *Roper v. Ford Motor Co.*, No. 1:09-cv-427, 2010 WL 2670827, at *4 (S.D. Ohio Apr. 6, 2010), *report and recommendation adopted*, 2010 WL 2670697 (S.D. Ohio July 1, 2010) (internal citations omitted).

Rule 12(b)(6) allows for a case to be dismissed for "failure to state a claim upon which relief can be granted." Such a motion "is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404

F.3d 950, 958–59 (6th Cir. 2005). Thus, the Court must construe the complaint in the light most favorable to the non-moving party. *Total Ben. Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Although liberal, Rule 12(b)(6) requires more than bare assertions of legal conclusions. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). Generally, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In short, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In ruling on a motion to dismiss, a court may consider matters outside the pleadings without converting the motion into one for summary judgment if those matters "simply fill[] in the contours and details of the plaintiff's complaint, and add[] nothing new." *Yeary v. Goodwill Indus.–Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997). Such matters include documents attached to or incorporated into the Complaint, and public documents of which the Court can take judicial notice. *See Jackson v. City of Columbus*, 194 F.3d 737, 746 (6th Cir. 1999), *abrogated on other grounds by Swierkiewicz v. Sorema*, 534 U.S. 506 (2002).

### III. LAW AND ANALYSIS

Defendants move to dismiss Young's claims as barred by the statute of limitations and res judicata.

Defendants correctly note that Young's Complaint wholly omits any reference to the time period during which their alleged conduct occurred. However, attached to the Complaint are police reports dated from 1998, 1999, and 2000; a criminal complaint filed against Young in Delaware County Municipal Court from 1999; and portions of the transcript from the 2001 deposition of Shamansky. (*See* Doc. 1-1.)

While it is unclear from the Complaint and attached documents exactly what took place, Defendants' motion to dismiss fills in the gaps with information available in the public record. In October 1999, Young was charged with menacing by stalking—the "culmination of an investigation resulting from a series of police reports" filed by Shamansky beginning in 1998. (Def.'s Mot. to Dismiss, Doc. 6, at 3; Del. Mun. Ct. Case No. 99CRB01616.) Between 2001 and 2006, Young filed three civil cases in the Delaware County Court of Common Pleas against Defendants and various other individuals. (Doc. 6 at 3; Del. Ct. Com. Pl. Case Nos. 01 CV 02 0073, 02 CV 06 0324, 06-CVH-04-391.) All three cases were dismissed with prejudice. (Doc. 6 at 3.) Thus, it appears that Young's claims stem from events occurring between approximately 1998 and 2006. Defendants argue that Young's claims are barred by the statute of limitations.

Construing Young's allegation that Defendants have engaged in a "campaign to harass and humiliate" him and to deny him his constitutional rights while acting under the color of law and his reference to equal protection as a claim under 42 U.S.C. § 1983, the applicable statute of limitations is two years.[1] *Browning v. Pendleton*, 869 F.2d 989, 993 (6th Cir. 1989) ("[W]e hold that the appropriate statute of limitations for 42 U.S.C. § 1983 civil rights actions arising in Ohio is contained in Ohio Rev. Code Ann. § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual."). The statute of limitations begins to run when the

---

[1] While Defendants correctly recognize the statute of limitations as two years in their motion, Young is correct that they cite a section of the Ohio Revised Code (2704.44) that does not exist. (*See* Mem. Opp'n to Defs.' Mot. to Dismiss, Doc. 14, at 5.)

plaintiff "knows or has reason to know of the injury which is the basis of his action." *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). Courts take a "common-sense" approach to making this determination, "inquiring as to what event should have alerted the typical lay person to protect his or her rights." *Id.* (internal quotation marks and citation omitted).

Even under the most generous construal of the statute of limitations, Young's § 1983 claim is time-barred. While Young's knowledge of his alleged injuries likely stems back to around 1999, even if the Court logically assumed that Young only had reason to know of his injuries shortly before he filed the 2006 lawsuit, as Defendants put it, he is still "far out of time to be seeking redress in 2017." (Doc. 6 at 5.) The same is true for the various tort-based claims Young attempts to assert. *See* Ohio Rev. Code §§ 2305.11 (two-year statute of limitations for libel, slander, and malicious prosecution); 2305.09 (four-year statute of limitations for certain torts); 2305.14 (catch-all provision enumerating ten-year statute of limitations for those not covered elsewhere in the Revised Code).

For this reason, Young's claims are time-barred, and Defendants' motion to dismiss is **GRANTED**.[2] This case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

                 s/Algenon L. Marbley
                 **ALGENON L. MARBLEY**
                 **UNITED STATES DISTRICT JUDGE**

**DATED: September 25, 2017**

---

[2] Because Young's claims are barred by the statute of limitations, the Court need not analyze whether the doctrine of res judicata applies here, although the Court notes that Young's complaint in the 2006 state court action is substantially similar to the Complaint in this action, and the 2006 action was dismissed with prejudice.